**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE GUADALUPE CANCINO-MAGANA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-244 <br><br> Agency No. A213-076-928 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2023[**]
Pasadena, California

Before: W. FLETCHER, LEE, and MENDOZA, Circuit Judges.

Jose Guadalupe Cancino-Magana, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals's (BIA) order adopting the Immigration Judge's (IJ) adverse credibility determination and denial of his claims for withholding of removal and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Where, as here, the BIA summarily adopts the IJ's decision without opinion, we "review the IJ's decision as if it were the BIA's decision." *Zheng v. Ashcroft*, 397 F.3d 1139, 1143 (9th Cir. 2005). "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Thus, factual findings are upheld "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Mr. Cancino-Magana challenges the IJ's denial of withholding and CAT protection only because it rests on an incorrect adverse credibility determination. Accordingly, if we uphold the IJ's adverse credibility determination, Mr. Cancino-Magana's withholding and CAT claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

2. Substantial evidence supports the IJ's adverse credibility determination. When making an adverse credibility determination, the IJ must consider "the totality of the circumstances, and all relevant factors," including the applicant's "candor"; "the inherent plausibility of the applicant's . . . account"; the "consistency between the applicant's . . . written and oral statements"; "and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). An applicant's "inconsistency, inaccuracy, or falsehood" may still be relevant to credibility even if it does not go to the "heart of the applicant's claim." *Id.*

2

Here, the IJ considered the totality of the circumstances and provided ten reasons for the adverse credibility determination. Some of these reasons are not supported by substantial evidence. However, the cumulative weight of the valid factors is sufficient support for the IJ's credibility finding. *See Kumar v. Garland*, 18 F.4th 1148, 1156 (9th Cir. 2021); *Shrestha v. Holder,* 590 F.3d 1034, 1043 n.4 (9th Cir. 2010).

First, the IJ emphasized that Mr. Cancino-Magana made misrepresentations to immigration officials. Mr. Cancino-Magana admits that he presented false documents to immigration officials and falsely stated that he was a U.S. citizen while trying to cross the border. "An asylum applicant who lies to immigration authorities casts doubt on his credibility and the rest of his story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Mr. Cancino-Magana argues, however, that the IJ failed to acknowledge mitigating circumstances— namely, that he lied only after arriving at the border by mistake and that he expressed candor by admitting the lie. But the IJ considered these explanations and thought they were implausible. The IJ was not required to accept Mr. Cancino-Magana's explanation for the false information presented. *Li v. Garland*, 13 F.4th 954, 960–61 (9th Cir. 2021).

Second, Mr. Cancino-Magana made an omission that supports the IJ's adverse credibility finding. Specifically, he neglected to mention that he had been arrested for contempt of court and convicted for driving under the influence while previously living in the United States. This omission is not a mere "detail," and

3

the IJ adequately addressed Mr. Cancino-Magana's explanations for the omission. *Iman v. Barr*, 972 F.3d 1058, 1067 (9th Cir. 2020); *see also Soto-Olarte v. Holder*, 555 F.3d 1089, 1091–92 (9th Cir. 2009).

Finally, the IJ noted the inherent implausibility of Mr. Cancino-Magana's supposed encounter with the Michoacán governor. The IJ found that the story was implausible because it was unlikely that Mr. Cancino-Magana could sneak into the governor's office after being turned away by guards, that the governor would talk to Mr. Cancino-Magana after he snuck into the mansion, and that the governor would tell him to leave the country after such a brief exchange. The IJ's common-sense conclusion was reasonable, so it supports the adverse credibility determination. *See Lalayan v. Garland*, 4 F.4th 822, 838 (9th Cir. 2021) ("[W]e cannot supplant the IJ's reasonable assumption with any alternative explanation offered on appeal.").

**PETITION DENIED.**